DECUIR, Judge.
The appellant in this workmen’s compensation action is Ollie Ruth Archinard, who worked as a maid for the Rapides Parish School Board for approximately four years before a severe mental condition caused hospitalization and subsequent disability. Archinard sued for workmen’s compensation benefits in the Ninth Judicial District Court where a trial judge dismissed her claim stating that he could find "... no single precipitating event which could be considered an accident, rather the incidents occurred over an extended period of time.”
On appeal, Archinard contends: (1) that she did in fact suffer an identifiable work-related accident and (2) the trial court erred in failing to fix her compensation rate and *878 date of disability, and in failing to award penalties and attorney fees.
In ruling against Archinard, the trial judge cited and relied on Sparks v. Tulane Medical Center Hospital & Clinic, 546 So.2d 138 (La.1989). We affirm, finding that Sparks is controlling and that Archi-nard is not entitled to recovery under workmen’s compensation law.
In Sparks, the Supreme Court of Louisiana, found that mental injury induced by mental stress is compensable when caused by a significant employment incident although not accompanied by apparent signs of physical trauma. The decision engendered three dissents, and the court was careful to emphasize, “... that a mere showing that a mental injury was related to general conditions of employment, or to incidents occurring over an extended period of time, is not enough to entitle the claimant to compensation.” The court noted that the mental injury must be precipitated by an event which is unexpected and unforeseen and which occurs suddenly or violently.
Archinard’s alleged event was a January 19, 1989 confrontation between Archinard and a teacher’s aide, over the ownership of a container of soap. Archinard alleged that the aide struck her in the back and that this act precipitated her current mental condition.
The record, however, reveals that this incident was but one of many confrontations and disputes between Archinard and other employees of the school. Furthermore, the testimony of witnesses to the confrontation does not corroborate Archi-nard’s allegations. Apparently, Archi-nard’s work had been unsatisfactory for some time prior to the incident and she had received disciplinary counseling on several occasions. The expert witnesses at trial indicated that Archinard’s condition resulted from an accumulation of stresses and one witness even suggested that some of those stresses were related to her marital relationship.
Based on the testimony and other evidence the trial judge found that Archi-nard’s mental condition did not arise out of an unexpected and unforeseen event that occurred suddenly or violently. An appellate court must give great weight to the factual conclusions of the trier of fact. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review unless manifestly erroneous or not supported by the evidence. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Our review of the record in this matter reveals that the trial court’s findings are not clearly wrong and thus, will not be disturbed on appeal. Accordingly, the judgment of the trial court dismissing Ar-chinard’s suit is affirmed.
AFFIRMED.